NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT



JAMES E. WELLS,                               )
                                              )
            Appellant,                        )
                                              )
v.                                            )    Case No. 2D15-5618
                                              )
STATE OF FLORIDA,                             )
                                              )
            Appellee.                         )
_____)

Opinion filed January 20, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court
for Highlands County; James A. Yancey,
Judge.

James E. Wells, pro se.


PER CURIAM.

            James E. Wells appeals the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850(b)(2).  We

reverse and remand for resentencing pursuant to the Florida Supreme Court's decision

in Atwell v. State, 197 So. 3d 1040, 1050 (Fla. 2016).  In Atwell, the supreme court

concluded that Florida's existing parole system does not provide the individualized

sentencing consideration required by Miller v. Alabama, 132 S. Ct. 2455 (2012), for a

juvenile offender sentenced to life imprisonment with parole eligibility after twenty-five years.  Id.; see also Hixon v. State, 41 Fla. L. Weekly D2594 (Fla. 2d DCA Nov. 18, 2016); Landy v. State, 41 Fla. L. Weekly D2555 (Fla. 2d DCA Nov. 16, 2016); Michel v. State, 41 Fla. L. Weekly D2525 (Fla. 4th DCA Nov. 9, 2016).  On remand, Mr. Wells is entitled to resentencing pursuant to sections 775.082, 921.1401, and 921.1402, Florida Statutes.

Reversed and remanded.

CASANUEVA, WALLACE, and MORRIS, JJ., Concur.